IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| JOHNNIE WALKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DOCKET NO.:_____ |
| v. | ) | JURY DEMAND (12) |
| | ) | |
| MEDIFAX-EDI, LLC d/b/a EMDEON BUSINESS SERVICES, LLC, | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, Johnnie Walker, by and through his undersigned counsel, and for his Complaint against Defendant Medifax-Edi, LLC d/b/a Emdeon Business Services, LLC, the Plaintiff states as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Johnnie Walker, (hereinafter "Plaintiff") is a resident and citizen of Antioch, Davidson County, Tennessee.

2. Defendant, Medifax-Edi, LLC d/b/a Emdeon Business Services, LLC, (hereinafter "Defendant") is a foreign corporation authorized to be and doing business in Nashville, Davidson County, Tennessee, and employs more than twenty employees.

3. The events giving rise to this matter took place in Nashville, Davidson County, Tennessee, at Defendant's facility located at 3055 Lebanon Pike, Suite 1000, Nashville, Tennessee.

4. Jurisdiction and venue in this matter are proper because the events giving rise to

this matter took place in Nashville, Davidson County, Tennessee, at the Defendants' facility. The Plaintiff also resides in Antioch, Davidson County, Tennessee and this matter involves a federal question under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq.

## II.
## FACTUAL BASES FOR SUIT

5. The Plaintiff was hired by the Defendant on or about May 16, 2011.

6. On or about July 29, 2011, Plaintiff was placed on a performance improvement plan and informed by the Defendant that she would be sent for additional training.

7. Plaintiff was sent for additional training in August, 2011.

8. On or about September 30, 2011, Plaintiff received a review where she was cautioned about errors.

9. On or about October 5, 2011, Plaintiff was cautioned that she could be terminated.

10. On or about October 27, 2011, Plaintiff received another review where errors were brought up again.

11. On or about November 3, 2011, Plaintiff was given another copy of the performance improvement plan dated July 29, 2011 and Plaintiff was written up.

12. On or about December 21, 2011, Plaintiff was informed again that she could be terminated.

13. In January 2012, Plaintiff received a satisfactory performance review.

14. On or about March 20, 2012, Plaintiff was terminated for allegedly requesting a good review from a client but this reason was pretextual.

15. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity

Commission which is attached as Exhibit A.

## III.
## CAUSE OF ACTION

16. Allegations 1-15 are hereby incorporated herewith. The Plaintiff asserts that the Defendant retaliated against the Plaintiff, and interfered with her rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, et seq. and in violation of the Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101 and 4-21-302 through T.C.A. § 4-21-311, and T.C.A. § 4-21-701.

17. At said dates and times as set forth herein, the Plaintiff was a fifty-seven (57) year old female and the Plaintiff's supervisor was twenty-five (25) to thirty (30) years of age. The Plaintiff's supervisor treated the Plaintiff differently and poorly as compared to younger employees. The Plaintiff's supervisor also held older employees to more harsh and rigid standards as compared to younger employees.

18. The Plaintiff was one of three (3) persons over forty years of age working at the Defendant's facility located on Lebanon Pike, Nashville, Tennessee who was terminated in February and March of 2012.

19. The Plaintiff was equally qualified and capable of performing her job duties in a satisfactory manner.

20. The Plaintiff asserts that she was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

21. The Plaintiff asserts that the employer violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and wrongfully discriminated against the Plaintiff on the basis of her age, fifty-seven (57) years old.

22. The Plaintiff asserts that there is a causal connection between the Defendant's decision to terminate her and the Plaintiff's age.

23. At all relevant times set forth here:

    (a) The plaintiff was over forty years of age and was qualified to perform the required job duties.

    (b) The Plaintiff was improperly discharged;

    (c) The Plaintiff's position was filled or replaced by a younger person;

    (d) Age was the determining factor in the Defendant Employer's decision to discriminate against the Plaintiff and to wrongfully discharge the Plaintiff; and

    (e) The reason given by the Defendant Employer to terminate the Plaintiff was a pretext and the actual reason for termination was in fact an age based determination.

24. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (b) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of discrimination; and (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report age discrimination occurring within the Defendant's workplace; and (d) the Defendant had a duty to supervise its employees and agents.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS COMPLAINT be served upon Defendant, they be compelled to Answer, and the Plaintiff be awarded all

including, embarrassment, humiliation, compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, liquidated damages, and equitable relief allowed.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

Donald D. Zuccarello [BPR No. 15092]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

## COST BOND

I, Donald D. Zuccarello, am surety for this cause.

Donald D. Zuccarello